## SHAPIRO v. SHAPIRO et al.

(Supreme Court, Appellate Term, First Department. March 30, 1916.)

1. LANDLORD AND TENANT ☞61—ESTOPPEL TO DENY LANDLORD'S TITLE—SUBSEQUENT CONVEYANCE.

A tenant is not estopped to show that the landlord conveyed his interest in the land after the creation of the tenancy and before the commencement of the action against the tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 151, 152, 187–196; Dec. Dig. ☞61.]

2. APPEAL AND ERROR ☞204(1)—OBJECTION TO EVIDENCE NOT MADE IN COURT BELOW.

An objection to the admission of evidence, not raised in the trial court, will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1258; Dec. Dig. ☞204(1); Trial, Cent. Dig. § 172.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Hyman Shapiro against Morris Shapiro and Charles Rader. From a judgment for plaintiff, defendant Rader appeals. Reversed, and new trial ordered.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Reuben Dorfman, of New York City, for appellant.
Louis Rosenberg, of New York City, for respondent.

WEEKS, J. This action was brought by plaintiff against the defendants as copartners for rent claimed to have become due on August 15, 1915, under a written lease dated January 6, 1914. The amount claimed was $200, less $53 paid on account. The defendant Shapiro was not served with process and did not appear.

The defendant Rader by his answer set up as separate defenses that the plaintiff was not the real party in interest, and that defend-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ant on September 8, 1915, had surrendered the premises to his land-lord, who had then accepted such surrender and taken possession of the premises under an agreement that the money then on deposit with the landlord should be used and applied towards the payment of the rent then due.

Upon the trial defendant sought to prove that plaintiff had trans-ferred the property in question prior to the date when the rent became due, and offered in evidence a certified copy of a deed, dated February 1, 1915, from the plaintiff to Yetta Shapiro and Morris Shapiro, con-veying the premises, which deed contained no reservation of the rent reserved under the lease in question.

[1] This evidence was excluded by the court, over objection and exception, upon the ground that a tenant could not dispute his land-lord's title. This ruling was clearly erroneous. It is too well estab-lished to require the citation of authorities that a tenant is not estopped to show that the landlord conveyed his interest in the land, after the creation of the tenancy and before the commencement of the action against the tenant.

[2] It is now sought, however, to sustain the judgment upon the ground that the evidence offered was not admissible because of the insufficiency of defendant's answer. This objection, even if available to respondent, is now too late. It should have been taken upon the trial, when under the liberal rules applicable to proceedings in the Municipal Court, an amendment could have been allowed, if necessary. The evidence was excluded solely upon the ground above stated, and the respondent cannot now be heard to urge a new ground to sustain the ruling.

Judgment appealed from should be reversed, and a new trial or-dered, with $30 costs to appellant to abide the event. All concur.